UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BYRON BRIONES,**

    Plaintiff,

v.                                                    CASE NO.:

**CITY OF ALTAMONTE SPRINGS,**

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Byron Briones, by and through undersigned counsel, brings this action against Defendant, City Of Altamonte Springs, and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and for violations of the Florida Civil Rights Act of 1992, ("FCRA") Fla. Stat. § 760.01 et. seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Seminole County, Florida.

### PARTIES

4. Plaintiff is a resident of Volusia County, Florida.

5. Defendant is a governmental body established pursuant to the laws of Florida in Altamonte Springs, in Seminole County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff is a member of a protected class of persons under Section 1981.

10. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

13. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

14. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

15. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the FCRA.

16. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA.

## FACTS

17. Plaintiff is a Hispanic male.

18. Plaintiff began working for Defendant as a Water Treatment Operator in April 2018, and he worked in this capacity until March 2020.

19. Plaintiff performed the duties of his position with Defendant in a satisfactory manner.

20. Plaintiff endured racial slurs throughout his employment.

21. In March 2020, Respondent allegedly changed the Paid-Time-Off ("PTO") policy to prohibit any employee from taking sick leave.

22. Plaintiff had never called in sick before, but after reporting his illness and still coming to work for three consecutive days at the instruction of Respondent's Human Resources Personnel, Karen McCullen, Plaintiff finally called in due to still being sick and having over 100 hours of accumulated PTO hours.

23. Instead of granting Plaintiff's request to utilize his accumulated PTO leave, Defendant terminated Plaintiff.

24. Defendant allowed other non-Hispanic employees to utilize their PTO leave.

25. On or about March 27, 2020, Defendant terminated Plaintiff solely because of Plaintiff's race.

26. On or about March 27, 2020, Plaintiff complained to Defendant about the discrimination that he was suffering at work.

27. Specifically, Plaintiff complained that his termination was race discrimination.

28. After Plaintiff complained to Defendant about the discrimination that he was suffering at work, Defendant took no remedial action.

29. Instead, Plaintiff was merely provided a termination hearing wherein Ms. McCullen erroneously denied being told Plaintiff was sick for three days before he called out to utilize a few of his accumulated 100 PTO hours.

30. No decision was made at the hearing.

31. Approximately three hours after the hearing, the Public Works Director called Plaintiff to tell him he was, in fact, terminated.

32. Karen McCullen was demoted after Plaintiff's termination.

33. After Plaintiff complained about Defendant's discrimination and disparate treatment, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

## COUNT I –42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

34. Plaintiff realleges and readopts the allegations of Paragraphs 1-12 and 17-33 of this Complaint, as though fully set forth herein.

35. Plaintiff is a member of a protected class of persons under Section 1981.

36. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

37. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

38. Defendant's actions were willful and done with malice.

39. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

40. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

41. Plaintiff realleges and readopts the allegations of Paragraphs 1-12 and 17-33 of this Complaint, as though fully set forth herein.

42. Plaintiff is a member of a protected class of persons under Section 1981.

43. By opposing and complaining of Defendant's racial discrimination, Plaintiff engaged in protected activity under Section 1981.

44. Defendant retaliated against Plaintiff for engaging in protected activity under

Section 1981 by terminating Plaintiff's employment.

45. Defendant's actions were willful and done with malice.

46. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

47. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

48. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION
### (DISCRIMINATION)

49. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 13-14, and 17-33 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class under Title VII.

51. Plaintiff was subjected to disparate treatment on the basis of his race.

52. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

53. Defendant's actions were willful and done with malice.

54. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## **COUNT IV – TITLE VII RETALIATION**

55. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 13-14, and 17-33 of this Complaint, as though fully set forth herein.

56. Plaintiff is a member of a protected class under Title VII.

57. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

58. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment.

59. Defendant's actions were willful and done with malice.

60. In, Defendant took material adverse action against Plaintiff.

61. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

    f)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

    g)     Front pay;

    h)     Any other compensatory damages, including emotional distress, allowable at law;

    i)     Punitive damages;

    j)     Prejudgment interest on all monetary recovery obtained.

    k)     All costs and attorney's fees incurred in prosecuting these claims; and

    l)     For such further relief as this Court deems just and equitable.

### COUNT V – FCRA VIOLATION
### (DISCRIMINATION)

62. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 15-33 of this Complaint, as though fully set forth herein.

63. Plaintiff is a member of a protected class under the FCRA.

64. Plaintiff was subjected to disparate treatment on account of his race.

65. Defendant's actions were willful and done with malice.

66. Plaintiff was injured due to Defendant's violations of the FCRA, for which he is entitled to relief.

*WHEREFORE*, Plaintiff demands:

    k)     A jury trial on all issues so triable;

    l)     That process issue and this Court take jurisdiction over the case;

    m)     Compensation for lost wages, benefits, and other remuneration;

    n)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    o)    Any other compensatory damages, including emotional distress, allowable at law;

    p)    Punitive damages;

    q)    Prejudgment interest on all monetary recovery obtained.

    r)    All costs and attorney's fees incurred in prosecuting these claims; and

    s)    For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

67. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 15-33 of this Complaint, as though fully set forth herein.

68. Plaintiff is a member of a protected class under the FCRA.

69. Plaintiff engaged in protected activity under the FCRA by reporting the discrimination to his supervisors.

70. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating his employment.

71. Defendant's actions were willful and done with malice.

72. By terminating his employment, Defendant took material adverse action against Plaintiff.

73. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

    ***WHEREFORE***, Plaintiff demands:

    m)    A jury trial on all issues so triable;

n)     That process issue and that this Court take jurisdiction over the case;

o)     That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

p)     Compensation for lost wages, benefits, and other remuneration;

q)     Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

r)     Front pay;

s)     Any other compensatory damages, including emotional distress, allowable at law;

t)     Punitive damages;

u)     Prejudgment interest on all monetary recovery obtained.

v)     All costs and attorney's fees incurred in prosecuting these claims; and

w)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 16th day of December, 2020.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431

        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**